## LEE COUNTY VS. GOVAN.

CIRCUIT CLERK: *Tax on original writs, etc.; how paid.*

It is the duty of the Circuit Clerk to pay the tax on original writs, executions, deeds, etc., to the County Collector; and he cannot set off allowances made him by the County Court against the amount of such taxes in his hands.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*J. J. Hornor*, for appellant.

HARRISON, J.:

At the July term, 1875, of the County Court of Lee County, the appellee, who was the Circuit Clerk, settled with the county for the tax on original writs, executions, deeds, etc. He claimed the right to set off against the amount in his hands, several allowances the court had made him, and upon which warrants

had not been issued, exceeding, in the aggregate, the amount in his hands, and to have an allowance for the excess. The court refused to admit the set off; and he was found to owe the county $497.

He appealed to the Circuit Court.

The Circuit Court decided that he was entitled to set off his allowances, and rendered judgment in his favor against the county for $180.

The county appealed to this court.

Section 163, of the revenue act of April 28th, 1873 (section 5255, Gantt's Digest), says: "The clerks of the several courts of record in this State, shall collect and pay over to the collectors of their respective counties, all taxes on writs, executions, official seals, and other sums of money by whatever name designated, coming to their hands and belonging to the State or county, and shall render accounts at each term of their respective courts, verified by oath, of all moneys which have been received to the use of the State or county, not before accounted for."

And by section 161, of the same act, section 5261, Gantt's Digest, the collector is required at each regular term of the County Court, to settle his accounts for moneys received from clerks, recorders, and other officers on account of taxes, fines, etc.

It would thus seem quite clear that the clerk is required to pay the taxes on writs, etc., collected by him to the collector, and not directly into the county treasury, but section 5268, Gantt's Digest, reads as follows: "All collectors, sheriffs, clerks, constables and other persons chargeable with moneys belonging to any county, shall render their accounts to and settle with the * * * 'County Court,' at each regular term thereof, and pay into the County Treasury any balance which may be due the county, and take duplicate receipts therefor, and deposit one

of them in the office of the County Clerk within five days thereafter."

This section, so far as it relates to the requirement of clerks to pay moneys in their hands directly into the county treasury, is obviously in conflict with the two sections we have first referred to ; but as this was a provision of the revenue law in force at the passage of the act of April 28th, 1873 (sec. 37 of Ch. ·147 of Gould's Digest), and was not re-enacted, in the act of April 28th, 1873, it was, so far. as there is a conflict, abrogated and repealed by that act.

It being the duty of the clerk, as we have just seen, to pay the moneys in his hands to the collector, might the County Court discharge him from its performance, by setting off against them the claims which he may have against the county?   We think not.

He is required to render, at each term of the. Circuit Court, an account of·all moneys which he has as its clerk received to the use of the county ; and to the County Court, at each term, such as he may have received as recorder, or clerk of that court. Sec. 5255, Gantt's Digest, *Lee County* v. *Abrahams, ante.* It is the duty of the judges of the several courts of record to audit and adjust the accounts of their respective clerks according to the records, dockets and papers therein, and a certified statement of the sums with which he is chargeable, specifying on what account the same is payable, is to be filed with the county clerk, and another is to be delivered to the treasurer. Sec. 5258, ib.

These provisions of the statute are intended for keeping correctly and accurately the accounts of the clerk, collector and treasurer, which object would be defeated if the clerk might discharge his liability in any other way than by payment to the collector.

The judgment of the court below is reversed, and the cause remanded, to be proceeded in according to law.